UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JUANITA ALICEA,

    Plaintiff,                                                   CASE NO.:

vs.

ADVANCE STORES COMPANY, INCORPORATED,
a Florida Profit Corporation,
d/b/a ADVANCE AUTO PARTS #9593,

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, JUANITA ALICEA (hereinafter "ALICEA"), by and through the undersigned Counsel, and sues the Defendant, ADVANCE STORES COMPANY, INCORPORATED, a Florida Profit Corporation, d/b/a ADVANCE AUTO PARTS #9593 (hereinafter "Advance Auto"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's related claim arising under the Florida Worker's Compensation Law, Fla. Stat. § 440.205, pursuant to 28 U.S.C. § 1367.

1

4. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

5. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

6. At all times material hereto, ALICEA was a resident of Palm Beach County, Florida, and commuted to work in Palm Beach County, Florida, while an "employee" of Advance Auto as defined by the FLSA.

7. At all times material hereto, Advance Auto was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 1131 45th Street, Mangonia Park, Florida 33407, wherein it provided and continues to provide automotive services and supplies to customers throughout the county, with annual gross sales and/or business volume of $500,000 or more. In the advancement of its business, Advance Auto engaged in and continues to engage in interstate commerce.

8. Advance Auto controlled ALICEA's duties, hours worked, and compensation. Accordingly, Advance Auto was ALICEA's "employer" as defined by the FLSA.

9. At all times material hereto, Advance Auto was a privately held company in Mangonia Park, Florida with annual gross sales and/or business volume of $500,000 or more.

10. In the advancement of its business, Advance Auto employed at least two (2) employees within the meaning of the FLSA.

11. In the advancement of its business, Advance Auto had/has many employees who regularly handled, sold, rented and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

12. In advancement of its business, Advance Auto engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

## GENERAL ALLEGATIONS

13. Plaintiff ALICEA was employed as a Commercial Driver by Advance Auto from on or about November 1, 2018 through April 7, 2021 earning approximately $10.36 hourly.

14. Throughout her employment with Advance Auto, ALICEA exhibited exemplary job performance.

15. On April 2, 2021 while on the job, ALICEA attempted to lift five gallons of oil, resulting in a work-related injury.

16. Immediately thereafter, ALICEA submitted a claim with Advance Auto's worker's compensation human resources department for her April 2, 2021 work-related injury.

17. On April 2, 2021, ALICEA sought medical treatment. ALICEA was placed on light-duty status with lifting restrictions and began to attend therapy sessions.

18. On April 7, 2021, when ALICEA returned to work, she was terminated from her employment with Advance Auto under the guise of "Failing a Drug Test" administered by the urgent care center. Drug testing was not a requirement for employment and Advance Auto was aware of various employees partaking in drug use.

19. Furthermore, Advance Auto failed to pay ALICEA her full and proper minimum wages for certain hours worked during her employment.

20. Specifically, Advance Auto failed to pay or otherwise withheld from ALICEA her earnings for the period starting on March 28, 2021 and ending on April 10, 2021. ALICEA is owed her total gross pay of **$527.11** for the pay period of March 28, 2021 through April 10, 2021.

21. The total amount due and owing to ALICEA based on Florida's minimum wage is **$435.53**, which is subject to change as ALICEA engages in the discovery process, plus liquidated damages.

22. Advance Auto has knowingly and willfully refused to pay ALICEA her legally entitled wages.

23. ALICEA has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

24. Plaintiff ALICEA realleges and incorporates the allegations in paragraphs 1 through 23 above as if fully set forth herein.

25. Under the Fair Labor Standards Act, every employer shall pay wages to each of her employees who in any workweek is engaged in commerce or in the production of good for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

26. "Any employer who violates the provisions of Section 206 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

27. ALICEA brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) unpaid minimum wages as listed above, and (b) liquidated damages.

28. At all relevant times, Advance Auto employed ALICEA within the meaning of the FLSA.

29. During ALICEA's employment with Advance Auto, and at all times relevant to this action, ALICEA worked her regularly scheduled hours for the week prior to her termination, but was not paid or those hours.

30. ALICEA is owed for working her scheduled hours, 50.88 hours, from March 28, 2021 through April 7, 2021.

31. The total amount due and owing to ALICEA is **$435.53**, which is subject to change as ALICEA engages in the discovery process, plus liquidated damages.

32. ALICEA seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JUANITA ALICEA, demands judgment against Defendant, ADVANCE STORES COMPANY, INCORPORATED, a Florida Profit Corporation, d/b/a ADVANCE AUTO PARTS #9593, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

## COUNT II – VIOLATION OF FLORIDA WORKER'S COMPENSATION LAW
## (FLA. STAT. § 440.205)

33. Plaintiff ALICEA realleges and incorporates the allegations in paragraphs 1 through 23 above as if fully set forth herein.

34. ALICEA, by her above-described conduct, was acting in a way consistent with the procedures for seeking worker's compensation benefits under Chapter 440, Florida Statutes.

35. ALICEA's worker's compensation claim is a valid claim.

36. Florida Statute Section 440.205 states, "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

37. After ALICEA filed a valid worker's compensation claim, Advance Auto retaliated against her by terminating her employment, in violation of the Florida Worker's Compensation Law, Florida Statute § 440.205.

38. Advance Auto wrongfully and unlawfully discharged ALICEA for the purpose of retaliating against her for pursuing a valid worker's compensation claim, in violation of ALICEA's rights under § 440.205 and Florida common law.

39. ALICEA has suffered direct pecuniary losses, including lost wages, and will suffer future pecuniary losses as a direct result of Advance Auto's above-described violations of Florida Statute § 440.205.

40. ALICEA has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Advance Auto's violation of Florida Statute § 440.205.

41. Due to irreconcilable differences, reinstatement is impossible.

WHEREFORE, Plaintiff, JUANITA ALICEA, respectfully requests that this Court: (a) declare Advance Auto's conduct to be in violation of Florida Statute § 440.205; (b) enjoin Advance Auto from engaging in such conduct in the future; (c) award the equitable remedy of back pay and front pay in lieu of reinstatement; (d) award compensatory damages to ALICEA; (e) award attorney's fees and costs to ALICEA; and (f) grant such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff, JUANITA ALICEA, demands a trial by jury on all issues so triable.

Dated May 21, 2021.

          Respectfully submitted,

          **Sconzo Law Office, P.A.**
          3825 PGA Boulevard, Suite 207
          Palm Beach Gardens, FL 33410
          Telephone: (561) 729-0940
          Facsimile: (561) 491-9459

          By: **/s/ Gregory S. Sconzo**
          GREGORY S. SCONZO, ESQUIRE
          Florida Bar No.: 0105553
          SAMANTHA L. SIMPSON, ESQ.
          Florida Bar No.: 1010423
          **Email:** greg@sconzolawoffice.com
          **Email:** samantha@sconzolawoffice.com
          **Secondary Email:** alexa@sconzolawoffice.com